IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GENE GALES, JR.**                                                                                       **PLAINTIFF**

**VERSUS**                                                                **CIVIL ACTION NO. 2:15cv22-KS-MTP**

**JUDGE ROBERT HELFRICH, ZACK
VAUGHN, KASSIE COLEMAN, PATRICIA
BURCHELL, SHERIFF BILLY MAGEE,
JOHN DOE DETECTIVE, CRAIG ROSE,
LOU ELLEN ADAMS, ZACK ROOK,
PEGGY LYON, GRANT THOMAS,
FORREST COUNTY, MISSISSIPPI
BOARD OF SUPERVISORS,
HATTIESBURG CITY COUNSEL
MEMBERS OR CITY OF HATTIESBURG,
STEVEN PAZOS, and CASEY SIMS**                                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This case is before the Court *sua sponte*. *Pro se* Plaintiff Gene Gales, Jr., is a pretrial detainee at the Forrest County Jail, and he brings this action challenging his first trial for burglary, his current charge for the same burglary, and his present conditions of confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Judge Robert Helfrich, Zack Vaughn, Kassie Coleman, Patricia Burchell, the City of Hattiesburg, and Steven Pazos are dismissed. The remainder of this case shall proceed.

### BACKGROUND

On September 6, 2012, Gales was tried in the Circuit Court of Forrest County for burglary of a non-dwelling, which charge, he claims, was false. Defendant Judge Robert Helfrich was the trial judge, and Defendants Zack Vaughn, Kassie Coleman, Patricia Burchell, and Steven Pazos were the prosecutors in that case. Defendant Craig Rose was Gales's defense

counsel.  Gales also alleges that Defendants Lou Ellen Adams, who is the Forrest County Circuit Court Clerk, and Peggy Lyon altered the trial transcript in some manner.  Finally, he accuses Defendants Hattiesburg police officers Zack Rook, Grant Thomas, and Detective Casey Sims of giving perjured testimony in the first trial.  The Mississippi Court of Appeals reversed the conviction, on November 26, 2013, because the indictment failed to allege the crime of burglary.  This indictment was dismissed, and Gales was released.  Gales contends that this first trial was therefore illegal and was the result of a "racially motivated" conspiracy by these Defendants.  (Compl. at 4).

The Forrest County Grand Jury re-indicted Gales for the same alleged burglary in January of 2014.  The indictment was allegedly signed by Vaughn and Adams.  Approximately ten months later, Gales was arrested based on this new indictment.  A new charge of grand theft auto was also added against him.  Gales maintains that the second trial is likewise "racially motivated" and is placing him in double jeopardy.  *Id.* at 6.  He filed a motion to dismiss the second case on double jeopardy grounds, but Judge Helfrich has not ruled on that motion.  Gales also claims that he has been denied a preliminary hearing, and he finally accuses Rose of not counseling with him on the second case and not withdrawing so another attorney may be appointed.

Gales awaits trial in the Forrest County Jail, in the custody of Defendant Sheriff Billy Magee.  Gales contends that Magee is denying him dental and medical treatment.  Gales claims that he has some bad teeth that need pulling because the nerves are exposed.  He claims that he also has a severe dog bite and extremely low blood platelets, which he says could be cancer.  Finally, the Sheriff is accused of not providing a law library at the jail.

Gales brings this action under 42 U.S.C. §§ 1983, 1985 and the Mississippi Constitution. He seeks damages and an "immediate Spears hearing . . . to prevent this illegal act from on going [sic]." *Id.* at 4.  Besides the Defendants already mentioned, Gales also sues the Forrest County Board of Supervisors and the "Hattiesburg City Counsel Members or City of Hattiesburg" ("City of Hattiesburg").

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.*  The Court has permitted Gales to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under § 1915.

Gales brings his claims under §§ 1983 and 1985 and state law for the first trial, second trial, and present conditions of confinement.  The Defendants are various trial participants, the

Sheriff, Forrest County, and the City of Hattiesburg.

<u>JUDGE HELFRICH</u>

First, Gales accuses Judge Helfrich of presiding over the first trial, which was in violation of Gales's Fourteenth Amendment right to an indictment and due process. Judge Helfrich is also sued for not granting Gales's motion to dismiss the second case. He claims that both acts or omissions show that Judge Helfrich is racially discriminating against Gales.

The claims against Judge Helfrich are about actions taken in the course and scope of his role as judge over Gales's criminal cases. A judge enjoys absolute immunity from a civil action when performing within his judicial capacity. *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Id.* (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The Fifth Circuit Court of Appeals announced a four factor test to determine whether a judge acted within the scope of his judicial capacity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). The four factors are:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Id.* at 515. In applying the four factors to the facts alleged, it is clear that Judge Helfrich is absolutely immune from this lawsuit. The decisions as to whether to dismiss a case, on motion

or *sua sponte*, and when to rule on a motion are clearly within the normal judicial function which arise out of his official capacity. Furthermore, there is no indication that his actions occurred outside the courtroom or his chambers. The controversy undisputedly centers around criminal cases that either were, or are, pending before him. Consequently, this Court finds that Gales cannot maintain this action against Judge Helfrich.

PROSECUTORS

Next, the Court examines the claims against the State court prosecutors. Gales claims that Vaughn, Coleman, Burchell, and Pazos all prosecuted him in the first trial, in violation of his right to an indictment. Gales further claims that Vaughn is prosecuting Gales in the second trial, in violation of his right against double jeopardy. As with Judge Helfrich, Gales accuses the prosecutors of being part of a racially motivated conspiracy.

A prosecutor enjoys "the same absolute immunity under § 1983 that the prosecutor enjoys at common law." *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Section 1985 likewise "embraces traditional notions of immunity." *Mylett v. Mullican*, 992 F.2d 1347, 1352 (5th Cir. 1993). Prosecutorial immunity extends to "initiating a prosecution and in presenting the State's case." *Imbler*, 424 U.S. at 431. These prosecutors are being sued for initiating and pursuing two prosecutions against Gales. Because prosecutorial immunity applies to this conduct, Vaughn, Coleman, Burchell, and Pazos are dismissed.

CITY OF HATTIESBURG

Gales designates one of the municipal Defendants as "Hattiesburg City Counsel Members or the City of Hattiesburg." Since he does not allege any personal involvement of the counsel members, and only sues for vicarious liability based on the Defendant police officers' conduct,

the Court construes this claim as against just the City itself.

A municipality may be held liable under § 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The policy or custom must cause the constitutional tort. *Id.* at 691. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Thus, to state a claim against the County under § 1983, Gales must allege (1) the existence of a policymaker, and (2) an official policy or custom (3) which is the moving force behind a constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Gales does not allege the existence of any official City policy, custom, or practice, but he sues the City merely because it was the employer of some of the other Defendants. This is insufficient to state a claim against the City of Hattiesburg, under § 1983.

This leaves Gales's claim under the Mississippi Tort Claims Act ("MCTA"). The Mississippi Tort Claims Act provides that a lawsuit may be brought against the governmental entity for conduct of its employees performed in the course and scope of their employment. Miss. Code. Ann. § 11-46-5(1). The Act provides that "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable . . . if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." Miss. Code Ann. § 11-46-5(2). The City employed Rook, Thomas, and Sims, police officers alleged to have conspired with others to wrongfully convict Gales on allegedly false charges, in violation of his rights to equal protection and due process. The police officers are also alleged to have committed perjury. Because this alleged conduct amounts to malice and "any crime other than traffic violations," the City is

immune from any liability under the MTCA.

HABEAS

As for Gales's request that the Court keep "this illegal act from on going [sic]," the Court liberally construes this as a request for habeas relief. A "court may liberally construe a *pro se . . . pleading and treat it as a habeas corpus petition, where appropriate*." *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998). The request to stop the alleged ongoing violation appears to be a request to stop the second trial, and consequently a request for pretrial habeas relief. This is because the request amounts to a request for immediate or speedier release from detention. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Before Gales can pursue his habeas claims in this Court, he must exhaust his available state remedies. *Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987). This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). Gales alleges that he has not presented his challenges regarding his current charges to the Mississippi Supreme Court. Therefore, the Court declines to sever the instant habeas claims into a separate action. Rather, the Court dismisses the instant habeas claims without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendants Judge Robert Helfrich, Zack Vaughn, Kassie Coleman, Patricia Burchell, and Steven Pazos are immune from this lawsuit and are therefore **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Hattiesburg City Counsel Members or the City of Hattiesburg is **DISMISSED WITH PREJUDICE** for failure to state a claim against it under 42 U.S.C. § 1983, and because it is immune from the state law

claims.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED ADJUDGED** that the habeas claims are **DISMISSED WITHOUT PREJUDICE**.  The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 14th day of July, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE